**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Scott L. Reynolds,** | Bankruptcy No. 22-08580 |
| Debtor. | Hon. David D. Cleary |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Wednesday, January 4, 2023, at 10:00 a.m.,** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable David D. Cleary, United States Bankruptcy Judge for the Northern District of Illinois, or any judge sitting in his place and stead, either in courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and shall then and there present the **Motion of Deborah K. Ebner, Trustee, to Approve Settlement with Scott Reynolds**, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 122 6457 and the password is Cleary644. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

{00232861 2}

          **Deborah K. Ebner,** not individually, but as Trustee for the estate of Scott L. Reynolds,

          By: */s/ Ariane Holtschlag*
          One of Her Attorneys

Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00232861 2}

## CERTIFICATE OF SERVICE

      I, Ariane Holtschlag, an attorney, hereby certify that on December 7, 2022, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. mail on all other persons identified on the attached Service List.

                                                                       */s/ Ariane Holtschlag*

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Robert N Honig** | robert@roberthonig.com; <br> r50690@notify.bestcase.com |
| **Deborah Kanner Ebner** | dkebner@debnertrustee.com; <br> dke@trustesolutions.net; <br> IL53@ecfcbis.com; <br> webmaster@debnertrustee.com; <br> lizd@deborahebnerlaw.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |

**Non-Registrants**
(Service via U.S. Mail)

*See attached list.*

| | | |
|---|---|---|
| Associated Bank<br>1305 Main St.<br>Stevens Point, WI 54481-2898 | American Express<br>PO Box 96001<br>Los Angeles, CA 90096-8000 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 | Associated Bank, N.A.<br>1305 Main Street<br>Stevens Point, WI 54481-2898 | Bank of America<br>P.O.Box 851001<br>Dallas, TX 75285-1001 |
| Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD  57108-5027 | JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 |
| Regions Bank<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Discover<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 |
| Sofi Bank, National<br>2750 Cottonwood Pky<br>Ste. 300 Association<br>Salt Lake City, UT 84121-7285 | Kimberly D Reno<br>Heavner, Beyers & Mihlar, LLC<br>601 E William Street<br>Decatur, IL 62523-1142 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 |
| Upstart Network, Inc<br>PO BOX 1931<br>Burlingame, CA 94011-1931 | UPGRADE  INC<br>2 N CENTRAL AVE<br>10TH FLOOR<br>PHOENIX AZ 85004-2322 | Prosper Funding LLC<br>221 Main Street, Suite 300<br>San Francisco, CA 94105-1909 |
| | Upstart Network Inc.<br>2950 South Delaware Street<br>San Mateo, CA 94403-2580 | Scott L. Reynolds<br>5210 Howard Avenue<br>Western Springs, IL 60558-2049 |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Scott L. Reynolds,** | Bankruptcy No. 22-08580 |
| Debtor. | Hon. David D. Cleary |

### MOTION TO APPROVE SETTLEMENT WITH SCOTT REYNOLDS

Deborah K. Ebner, not individually but in her capacity as the trustee (the "***Trustee***") for the bankruptcy estate (the "***Estate***") of Scott L. Reynolds (the "***Debtor***"), respectfully requests that the Court enter an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the settlement reached between the Trustee and the Debtor, resolving the Estate's interest in real estate commonly known as 5210 Howard Avenue in Western Springs, IL 60558 (the "***Property***"). Pending approval by this Court, the Parties have reached a settlement on the terms and conditions set forth in the Settlement Agreement (the "***Settlement***") attached as **Exhibit 1**.

In support of this motion, the Trustee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

{00232861 2}

## BACKGROUND

4. The above-captioned bankruptcy case (the "***Case***") was commenced on July 29, 2022 (the "***Petition Date***"), when the Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, *et seq.* (the "***Bankruptcy Code***")), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5. The Trustee was appointed as the interim trustee in the Case pursuant 11 U.S.C. § 701 and now serves as the permanent trustee in the Case. The Trustee is duly qualified and has all the powers of a trustee under, among other provisions, 11 U.S.C. § 704.

6. On Schedule A/B, the Debtor disclosed an ownership interest in real estate commonly known as 5210 Howard Avenue in Western Springs, IL 60558 (the "***Property***"). Document no 1817829125 recorded with the Cook County Recorder of Deeds on June 27, 2018 reflects that the Debtor holds title to the Property not individually, but jointly with his non-filing spouse, Lauren Reynolds, as tenants by the entirety.

7. On Schedule A/B the Debtor disclosed the value of the Property as $735,000. On Schedule C, the Debtor asserts exemptions in the Property under 735 ILCS 5/12-901 in the amount of $15,000 and 735 ILCS 5/12-112 in the amount of 100%. On Schedule D, the Debtor disclosed that the Property is encumbered by a mortgage lien securing a note with a balance of $535,854.02.

8. The Debtor scheduled general unsecured debts of approximately $232,912.65.

9. The Trustee asserts that the Debtor is not entitled to exempt his ownership interest in the Property under 735 ILCS 5/12-112 due to "tenants by the entirety" because the Debtor's debts constitute "family expenses" within the meaning of 750 ILCS 65/1 et seq.

10. The Trustee and the Debtor propose to resolve this controversy on the terms contained in the proposed settlement agreement attached as

**Exhibit 1**, namely: the Debtor must pay to the Trustee $40,000 (the "Settlement Sum") to the Trustee on or before December 21, 2022 and in exchange the Trustee waives any interest in the Property and any right to seek dismissal of the Case under 11 U.S.C. 707.

11. The Trustee respectfully requests that this Court approve the proposed settlement agreement attached as **Exhibit 1**.

## DISCUSSION

12. A trustee may settle or compromise a dispute with bankruptcy court approval. Fed. R. Bankr. P. 9019. "A bankruptcy court may approve a settlement agreement only if it is in the best interest of the bankruptcy estate." *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (*citing In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989)). "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (*quoting LaSalle Nat'l Bank v. Holland* (*In re Am. Reserve Corp.*), 841 F.2d 159, 161 (7th Cir. 1987)).

13. "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes. Because litigation outcomes cannot be predicted with mathematical precision, only if a settlement falls below the low end of possible litigation outcomes will it fail the reasonable equivalence standard." *Id.* (citations omitted); *accord In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bank. N.D. Ill. 1994). This determination should be weighted in favor of settlement, and a challenged

settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553.

14. Here, the settlement meets the above-cited standards for judicial approval and comports with the public policy considerations favoring settlements generally. The settlement saves the Estate the expense and uncertainty of further litigation concerning the matters resolved thereby, and the Trustee submits that the outcome for allowed creditors of the Estate is well within the range of possible litigation outcomes.

15. The Trustee submits that the proposed settlement is the product of good faith, arms'-length negotiations between the Trustee and the Debtor, is fair and equitable, and is mutually satisfactory to the parties.

16. For these reasons, the Trustee respectfully submits that the proposed settlement is in the best interests of the Estate.

## NOTICE

17. At least twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel; (iv) the Debtor's creditors as scheduled; and (v) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order approving the settlement on the terms outlined herein and granting such other and further relief as this Court may deem just and appropriate.

**Deborah K. Ebner,** not individually but as the chapter 7 trustee of the bankruptcy estate of Scott L. Reynolds,

By: */s/ Ariane Holtschlag*
One of His Attorneys

Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00232861 2}